```
               UNITED STATES BANKRUPTCY COURT
              EASTERN DISTRICT OF NORTH CAROLINA
                     FAYETTEVILLE DIVISION

IN RE:                                CASE NO.

CYNTHIA D. CASWELL,                   05-00975-8-ATS

     DEBTOR


CYNTHIA D. CASWELL,                   ADVERSARY PROCEEDING NO.

     Plaintiff                        S-05-00250-8-AP

     v.

MICHAEL P. PEAVEY, TRUSTEE,

     Defendant.
```

### MEMORANDUM OPINION AND ORDER
### ALLOWING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
### AND DENYING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

Pending before the court are cross-motions for summary judgment filed by the chapter 7 debtor and plaintiff, Cynthia D. Caswell, and the chapter 7 trustee, Michael P. Peavey. A hearing was held in Raleigh, North Carolina on October 12, 2005. For the reasons that follow, the plaintiff's motion for summary judgment will be allowed, and the defendant's motion for summary judgment will be denied.

This court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is

a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B) and (E), which this court may hear and determine.

The debtor, Cynthia Caswell, filed a petition for relief under chapter 7 of the Bankruptcy Code on February 28, 2005.  In her schedules, she claimed as exempt a residence located at 805 South Willowick Drive, Grovestown, Georgia that she owned together with her former husband.  Ms. Caswell contends that she did so in mistaken reliance on a statement in a separation agreement executed on May 30, 2001, which describes the residence as being owned by the debtor and her husband as tenants by the entirety.  Ms. Caswell took the position that the residence was exempt under the laws of the State of North Carolina.

The trustee did not object to the exemption within the 30-day period for filing objections under Rule 4003(b) of the Federal Rules of Bankruptcy Procedure.  He subsequently concluded that there was no tenancy by the entirety because the debtor failed to establish the tenancy under Georgia state law, where the property is located.  The trustee stated that he did not object to the exemption because the debtor was "entitled to whatever result she might acquire" in the parcel, which under the applicable laws proved to be nothing.  He therefore sought to seize the property, which had been sold and now consists of cash proceeds.

The debtor and trustee both agree that there is no colorable claim for an exemption in the residence, and both filed motions for summary judgment.  The trustee argues that the lack of any statutory basis for an exemption rendered it a "nullity," that the property is not exempt, and that proceeds from its sale are property of the estate.  The debtor responds that under precedent established in <u>Taylor v. Freeland & Kronz</u>, 503 U.S. 638 (1992), the debtor now has a valid claim of exemption based on the trustee's failure to file a timely objection.

This case is controlled by precedent established in <u>Taylor</u>.  In that case, as in this one, the debtor was found to have no statutory basis for a claimed exemption.  The debtor in <u>Taylor</u> sought to exempt the proceeds of a discrimination-claim lawsuit.  The trustee was aware of the lawsuit and its potential value of between $90,000 to $110,000, but was skeptical of its chances of success and considered it "a nullity." He did not object to the claimed exemption within the 30-day period allowed by Rule 4003(b) of the Federal Rules of Bankruptcy Procedure.  The claim subsequently was settled for a sizeable amount, and the trustee filed a complaint seeking turnover of the settlement proceeds.  The debtor objected, but the trustee prevailed in both the bankruptcy court and on appeal to the district court.  On further appeal, the Court of Appeals for the Third Circuit reversed, deciding that the bankruptcy court could not require turnover because the debtor

3

claimed the proceeds as exempt and the trustee failed to file a timely objection.

The Supreme Court affirmed. The Court held that the trustee's failure to file a timely objection precluded him from later challenging the validity of the exemption. Taylor, 503 U.S. at 642. Irrespective of whether or not the exemption actually proves to have a colorable statutory basis, the language of § 522(*l*) provides that "[u]nless a party in interest objects, the property claimed as exempt on [a list filed under 11 U.S.C. § 522(b)] is exempt." 11 U.S.C. § 522(*l*). The trustee and creditors have 30 days from the § 341 meeting in which to object, unless prior to the expiration of that time, the 30-day period is extended by the court. After that, "[s]ection 522(*l*) . . . has made the property exempt." Taylor, 503 U.S. at 643. The Court did not qualify operation of the statute in any way; instead, property claimed as exempt under § 522(b), whether or not it was properly claimed as exempt in the first place, thereafter <u>is exempt</u> by operation of § 522(*l*).

The instant case is on all fours with Taylor. The debtor filed her exemption in the mistaken belief that she could claim an exemption in the Georgia property and later determined that the exemption could not be legally supported. The debtor concedes that "the relevant law and facts leave[] no conclusion other than no colorable claim for exemption exists." Pl's Mem. of Law in Support of M. for Summ. J. at

4

2. Even so, the debtor argues, the trustee's failure to object within the time allowed means that the property, and the proceeds from the completed sale of it, are exempt.

The court agrees. The trustee may well have prevailed had he filed an objection within the allotted 30 days, or during an extension of time in which to object, had he sought one. However, the trustee did not do either of these things, and as a result, the property is exempt under § 522(*l*) and the validity of the exemption can no longer be challenged. Taylor, 503 U.S. at 644-45. The trustee takes the position that because the exemption was claimed in error, he does not need to object, because the debtor can still have "whatever result she might acquire" under her claim, which should be nothing. Construing the statute in this way would essentially negate the obligation of a trustee (or any other party in interest, for that matter) to object because exemptions would stand or fall on their own merits, without regard to the expiration of statutory deadlines for objections. The Taylor Court pointedly acknowledged that "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality," both of which are integral to the smoothly functioning legal process. Taylor, 503 U.S. at 644. A review of circuit court cases decided since Taylor indicates that some courts have found grounds on which to distinguish Taylor, but none of those are persuasive with respect to the facts of this case, and there are no reported Fourth Circuit opinions construing Taylor.

5

For the foregoing reasons, the debtor's motion for summary judgment is **ALLOWED**, and the trustee's motion is **DENIED**. A judgment will be entered separately.

**SO ORDERED.**

DATED:  October 24, 2005

A. Thomas Small
United States Bankruptcy Judge